IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| James D. Lewis (B-52327), | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 16 C 50090 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| State of Illinois, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's failure to inform the court about his accumulation of three dismissals under 28 U.S.C. § 1915(g) and his failure to provide information about his prior cases constitute a fraud upon the court and warrants immediate dismissal of this case. Also, plaintiff's allegations in this case fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A. This case is thus dismissed with prejudice and counts as another § 1915(g) dismissal. He is again advised that he has had at least three federal actions dismissed pursuant to § 1915(g) and that he must either prepay the filing fee or satisfy the requirements of § 1915(g) to proceed with another action in federal court. He must also inform courts of his accumulation of three § 1915(g) dismissals. Although the current case cannot proceed and plaintiff's motion to proceed *in forma pauperis* [3] must be denied, he is still responsible for the filing fee, and the clerk is directed to send a copy of this order to trust fund officials at Dixon Correctional Center so that the filing fee for this case can be added to plaintiff's other filing fee obligations. Trust fund officials at Dixon are authorized to collect monthly payments from plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of this Court each time the amount in the account exceeds $10 until the full $400.00 filing fee for this case is paid. Civil case terminated.

## STATEMENT

Plaintiff James Lewis, an Illinois prisoner currently incarcerated at Dixon Correctional Center, has submitted another 42 U.S.C. § 1983 civil rights action. According to the Public Access to Courts Electronic Records ("PACER") website, plaintiff has filed at least 20 suits in federal court. The current complaint lists as defendants: the State of Illinois, Governor Bruce Rauner, Illinois Attorney General Lisa Madigan, and Illinois Department of Corrections Director Baldwin. Plaintiff states that Illinois taxes are mishandled and that the state's educational system has suffered. Plaintiff appears to blame the substandard school system for the crimes he and other Illinois prisoners have committed.

Plaintiff's broad conclusions do not present a plausible claim. His complaint must be dismissed. *DeGuelle v. Camilli*, 664 F.3d 192, 198 (7th Cir. 2011) (at a minimum, a complaint

must provide sufficient notice of plausible claims, as well as the grounds upon which those claims are based; it cannot "rely on mere labels, conclusions, or a formulaic recitation of the elements of a cause of action"), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the complaint is dismissed. *See* 28 U.S.C. § 1915A.

Additionally, this case must be dismissed based on the fact that plaintiff has accumulated three dismissals under 28 U.S.C. § 1915(g) but failed to inform the court of this information. *See Lewis v. Dart*, No. 10-cv-4247 (N.D. Ill. July 22, 2010) (dismissing complaint for failure to state a claim); *Lewis v. Alvarez*, No. 10-cv-4540 (N.D. Ill. July 29, 2010) (same); *Lewis v. Unknown Party*, No. 13 C 1339 (S.D. Ill. Jan. 22, 2014) (same); *Lewis v. State of Illinois*, 12-cv-1023 (N.D. Ill. June 27, 2012) (same, and Plaintiff was notified he accumulated three strikes); *see also Lewis v. Godinez*, 13-cv-1439 (C.D. Ill. Oct. 21, 2013) (plaintiff was admonished that he had to inform courts he had at least three § 1915(g) dismissals).

Despite being advised of the requirement to notify federal courts about his accumulation of three § 1915(g) dismissals, plaintiff filed this suit without providing any information about his prior cases. A litigant's failure to inform a court that he has received at least three dismissals under § 1915(g) is considered a "fraud" upon the court that warrants "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). A litigant's failure to provide information about his litigation history as this court's form complaint instructs also constitutes a fraud on the court warranting dismissal. *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011).

For all the above stated reasons, the complaint is dismissed with prejudice. All pending motions are denied. This case is closed. Although plaintiff's case cannot proceed, he must still pay the filing fee for having brought. Accordingly, a copy of this order is being sent to plaintiff's trust fund officers so that the filing fee obligation for this case can be added to plaintiff's other filing fee obligations.

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within thirty days of the entry of this order. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Also, if the appeal is found to be non-meritorious, it could be considered another dismissal under § 1915(g). If plaintiff seeks to proceed *in forma pauperis* on appeal, he must file in this court another application seeking leave to proceed *in forma pauperis* and provide the grounds for his appeal. *See* Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a).

Date: 4/29/2016                                    ENTER:

                                                                          Philip G. Reinhard
                                                                United States District Court Judge

Notices mailed by Judicial Staff. (IK)